CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:12cr00017 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM COREY JAMISON, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner William Corey Jamison, a federal inmate, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his 200-month sentence following a guilty plea. Jamison asserts that he no longer qualifies as an armed career criminal under the Armed Career Criminal Act ("ACCA") because his predicate Virginia statutory burglary convictions no longer support such a designation. The government filed a motion to dismiss, and Jamison responded, making this matter ripe for disposition. I conclude that Jamison's petition is untimely, and I grant the government's motion to dismiss.

**I.**

On May 24, 2012, Jamison was charged in an eight-count Indictment with: (1) knowingly and intentionally distributing a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) ("Count One"); knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Counts Two, Three, Four and Seven"); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) ("Counts Five, Six and Eight").

Jamison pleaded guilty, pursuant to a written Plea Agreement, to Counts Two and Five of the Indictment in exchange for the dismissal of the remaining charges. The Plea Agreement stated, in accordance with the ACCA, that "if the Court determines I have at least three prior

convictions for serious drug offenses and/or violent felonies I will face a mandatory minimum sentence of imprisonment for a term of fifteen years and a maximum sentence of imprisonment for life, pursuant to 18 U.S.C. § 924(e)." (Id.)

A Presentence Investigation Report ("PSR") was created prior to sentencing. It recommended that Jamison be designated an armed career criminal based on three prior Virginia statutory burglary convictions on February 13, 2002. (PSR ¶ 23, 29, ECF No. 63.) Because of this designation, he had a total offense level of 31 and a criminal history category of VI, resulting in a sentencing range of 188 to 235 months' incarceration. (Id. ¶ 55.) Without the armed career criminal enhancement, Jamison would have had a base offense level of 17, a criminal history score of V, resulting in a sentencing range of 46 to 57 months.

At the sentencing hearing, defense counsel argued that Jamison's Virginia statutory burglary predicates did not support an armed career criminal designation because they involved the burglary of "detached sheds," which counsel argued were not buildings or structures, and so these convictions did not qualify as "generic burglaries" under the ACCA. (Sent. Hr'g Tran. at 2-5, ECF No. 41.) I did not agree with defense counsel's argument, and although noting that the burglaries might be considered crimes of violence under the residual clause of the ACCA, I ultimately concluded that Jamison's convictions for breaking and entering sheds qualified as generic burglaries under the ACCA. (Id. at 13.) I sentenced Jamison to 200 months' imprisonment and he did not appeal.

In his § 2255 motion, Jamison alleges that following the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), his Virginia statutory burglary convictions can no longer support his enhanced sentence under the ACCA. The court appointed the Federal Public Defender's Office to represent Jamison and it has provided supplemental briefing.

2

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Jamison bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III.

A § 2255 petition must adhere to strict statute of limitations requirements before any of the substantive issues may be addressed. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jamison did not file within one year of his final judgment, which was entered on November 27, 2012, and so his claims are untimely under § 2255(f)(1). Nonetheless, Jamison argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in Johnson, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in Johnson that applies retroactively. Welch

3

v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Jamison's claims, and so his motion must be dismissed as untimely.

The Supreme Court, in Johnson, considered the constitutionality of a specific provision of the ACCA. Federal law prohibits a convicted felon from possessing firearms. 18 U.S.C. § 922(g). A defendant who violates this law is subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when a defendant has three or more prior convictions for a "violent felony," as Jamison did, the ACCA increases his punishment to a minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down for vagueness the "residual clause" in the violent felony definition that "involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. However, the Johnson opinion did not affect the viability of the other clauses of the "violent felony" definition in the ACCA, including the "enumerated clause" that lists "burglary," among other crimes. Id. ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

When I sentenced Jamison, I concluded that his prior Virginia statutory burglary convictions qualified as burglaries under the enumerated crimes clause of the ACCA. (Sent. Hr'g Tr. at 13, ECF No. 41.) After extensive discussion regarding whether the burglary

4

convictions of storage buildings qualified as predicates, I concluded that the requirements for generic burglary set forth in Taylor v. United States, 495 U.S. 575, 598 (1990), were met, and that the defense was trying to parse "the plain language of Taylor . . . a little too finely." (Id. at 12-13.) Because I relied on the enumerated crimes clause, and not the residual clause, in concluding that Jamison qualified as an armed career criminal, Johnson is not implicated. As such, he cannot rely on 28 U.S.C. § 2255(f)(3) to make his otherwise time-barred motion, timely. In addition, recent Supreme Court decisions such as Mathis v. United States, 136 S. Ct. 2243 (2016) and Descamps v. United States, 133 S. Ct. 2276 (2013), which do provide guidance for determining whether underlying convictions can constitute predicate offenses under the enumerated crimes clause of the ACCA, have not been made retroactively applicable for timeliness purposes on collateral review. See Blackwell v. United States, No. 4:10cr12, 2016 WL 5849384 at *4, 2016 U.S. Dist. LEXIS 138839, *11 (W.D. Va. Oct. 6, 2016). Accordingly, "[p]etitioner's predicate offenses remain 'crimes of violence' in the wake of Johnson," and so his petition is time barred. Id.; see also United States v. Deel, No. 2:03cr10017, 2016 WL 6471249 at *4, 2016 U.S. Dist. LEXIS 150927, *10 (W.D. Va. Nov. 1, 2016) (concluding that a § 2255 petition, in which the defendant challenged his armed career criminal status by asserting that his Virginia burglary convictions no longer qualified as predicate offenses after Johnson, was time barred because the court had relied on the enumerated crimes clause and so "Johnson d[id] not apply").

## IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence as untimely. Based upon my finding that Johnson has not

made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 13th day of ~~October~~ December, 2016.

*/s/ Jackson L. Kiser*
Senior United States District Judge