CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 26 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:12cr00017 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM COREY JAMISON, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

William Corey Jamison, a federal inmate proceeding pro se, filed a motion for reconsideration, requesting that the court review various issues that he previously raised in his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 35). The court addressed those issues in its December 13, 2016 memorandum opinion in which it granted the government's motion to dismiss, dismissed Jamison's § 2255 motion, and denied a certificate of appealability in the accompanying order.

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds upon which a party may seek relief from a final judgment, order or proceeding. Those grounds include: mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, or any other reason that may justify relief. Fed. R. Civ. P. 60(b)(1)-(6). However, in cases that have proceeded under 28 U.S.C. § 2255, the district court "must examine Rule 60(b) motions . . . to determine whether such [a] motion[] is tantamount to [a] successive application[]." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). If the petitioner is attempting to again attack his underlying conviction or sentence, then the motion for reconsideration "will usually amount to a successive application." Id.

Here, Jamison's attempts to challenge his sentence by raising the same grounds for relief in his current motion as he did in his original § 2255, which included challenges to his armed career criminal status following Johnson v. United States, 135 S. Ct. 2551 (2015). Therefore, his

motion for reconsideration is, in fact, a second or subsequent motion under 28 U.S.C. § 2255(h). Id.

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Jamison has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court is without jurisdiction to consider it. Winestock, 340 F.3d at 208-09. Based upon the court's finding that Jamison has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 26th day of January, 2017

Senior United States District Judge